IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| AMY WARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05-3043 |
| | ) | |
| JBC LEGAL GROUP, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Plaintiff Amy Ward's Motion for Entry of Judgment Pursuant to Rule 68 (d/e 15), and Motion for Attorney Fees and Costs (d/e 16) (Motion for Fees). Defendant JBC Legal Group, P.C. (JBC) made an offer of judgment in the sum of $1,001.00. Plaintiff Amy Ward accepted the offer, and asks the Court to enter judgment for $1,001.00, plus $5,392.50 in attorney fees and $330.00 in costs. JBC objects to the amount of attorney fees sought. For the reasons set forth below, the Court determines that the attorney fee request is excessive. The Court, thus, enters judgment in the sum of $4,263.50, consisting of $1,001.00 in damages, $330.00 in costs, and $2,932.50 in

1

attorney fees.

On February 25, 2005, Ward filed a two-count Complaint against JBC. Complaint and Demand for Jury Trial (d/e 1) (Complaint). Count I alleged violation of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. § 1692 et seq. Count II alleged a supplemental state law claim for violation of the Illinois Collection Agency Act (ICAA). 225 ILCS 425/1 et seq. This is the second action Ward has filed against JBC in this Court. Ward v. JBC Legal Group, P.C., Docket No. 04-3163 (First Action). Both actions alleged that JBC used improper collection methods in violation of the FDCPA and the ICAA to attempt to collect the same disputed debt. Complaint, ¶¶ 4-8. This action alleges that JBC continued to use improper collection methods after the First Action was filed. Id.

On June 20, 2005, Ward filed a motion for a default judgment in this case because JBC had not answered. Motion for Default Judgment (d/e 3). The default judgment was ultimately entered, but Ward moved to vacate the default judgment because no summons was ever issued for JBC. Motion to Vacate Default and For Extension of Time for Service (d/e 8). Once Ward served JBC properly, JBC answered and made the offer of judgment. Ward then filed the instant Motion to secure entry of the judgment.

2

Ward now seeks $5,392.50 in attorney fees and $330.00 costs.[1] Ward has submitted her counsel's billings and a Bill of Costs. <u>Motion for Fees</u>, Exhibit A, <u>Affidavit of Stephen F. Hedinger Supporting Request for Costs and Attorney Fees, Attached Spreadsheet</u>, Exhibit B, <u>Bill of Costs</u>. JBC opposes the request for attorney fees as excessive. JBC does not challenge the costs sought.

The FDCPA authorizes Ward to recover reasonable attorney fees as the prevailing party. 15 U.S.C. § 1692k(a)(3). Ward has the burden of proving the reasonableness of the fees incurred. The Court must independently scrutinize the request to determine the reasonableness of the request. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983); <u>Spellan v. Board of Education for Dist. 111</u>, 59 F.3d 642, 646 (7th Cir. 1995).

The Court has reviewed the fees, and has determined that the fees sought are excessive. Ward asks for 1.5 hours of paralegal time and 3.8 hours of attorney time to research and draft the Complaint. The Court finds this time to be excessive. The Complaint is substantially similar to the Complaint in the First Action. Thus, there appears to be very little reason

---

[1] The Motion asks for $4,652.50 in fees, but the Memorandum in Support asks for $5,392.50 in fees. <u>Motion for Fees</u> at 2; <u>Plaintiff's Memorandum in Support of Motion for Attorney Fees and Costs (d/e 17)</u> at 6.

for research. Counsel also had the Complaint in the First Action as a template. Thus, drafting should have been simplified. The Court finds that the attorney time for drafting should be reduced by 1.5 hours, from 3.8 hours to 2.3 hours.

Ward asks for 5 hours of paralegal time and 5 hours of attorney time to seek the default judgment and then secure the vacation of that judgment. The Court determines that this time should not be compensated since Ward did not have proof of proper service on JBC and so should not have sought a default judgment. Finally, Ward asks for 8.5 hours of attorney time to prepare the documents to secure approval of the judgment. Consistent with the award of attorney fees in the First Action, the Court finds that 4 hours of attorney time should have been sufficient to prepare these documents. See Ward v. JBC Legal Group, P.C., Case No. 04-3163, Opinion entered August 19, 2005 (d/e 22) at 4.

The Court, therefore, reduces the compensable attorney time by 11 hours and the compensable paralegal time by 5 hours. Ward's counsel's billing rate is $185.00 per hour, and the paralegal rate is $85.00 per hour; thus, the attorney fees are reduced by $2,035.00 and the paralegal fees are reduced by a total of $425.00, for a total reduction of $2,460.00. The

request for $5,392.50 in fees is therefore reduced to $2,932.50.

Ward asks the Court to retain jurisdiction to enforce the judgment. JBC has raised no objection to this request. The Court will grant this request. Ward also asks the Court to set a deadline for payment of the judgment. The Court will not modify the offer of judgment to insert payments terms. The judgment will be due and payable as any other judgment, and Ward is entitled to pursue all appropriate means to enforce the judgment. See Fed. R. Civ. P. 62 & 69.

THEREFORE, Plaintiff Amy Ward's Motion for Entry of Judgment Pursuant to Rule 68 (d/e 15) is ALLOWED. Plaintiff's Motion for Attorney Fees and Costs (d/e 16) is ALLOWED in part. Judgment is hereby entered in favor of Plaintiff Amy Ward and against Defendant JBC Legal Group, P.C., in the sum of $4,263.50, consisting of $1,001.00 in damages, $330.00 in costs, and $2,932.50 in attorney fees. The request for additional attorney fees is denied. The Court retains jurisdiction to enforce the judgment. All pending motions are denied as moot. This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER: November 17, 2005.

FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE